IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CAUSE NO. 1:18-CV-797-LY |
| JAMES QUEZADA AND SIMONA § | |
| QUEZADA, § | |
| DEBTORS. § | |
| | |
| JAMES QUEZADA AND SIMONA § | |
| QUEZADA, § | |
| APPELLANTS, § | |
| § | |
| V. § | |
| § | |
| UNITED STATES OF AMERICA, § | |
| APPELLEE. § | |

## MEMORANDUM OPINION AND ORDER

This cause arises from an appeal of the Memorandum Opinion and Final Judgment rendered on August 31, 2018, by the United States Bankruptcy Court for the Western District of Texas, Austin Division. Before the court are the Brief for Appellants James Quezada and Simona Quezada filed March 12, 2019 (Doc. #14); Brief for Appellee United States of America filed April 29, 2019 (Doc. #17); and the Reply Brief of Appellants James Quezada and Simona Quezada filed May 13, 2019 (Doc. #18). On May 31, 2019, the court entertained oral argument, at which all parties appeared through counsel. Following argument, Appellants James Quezada and Simona Quezada filed a Motion for Leave to Clarify and Correct the Record on July 24, 2019 (Doc. #21). Appellee United States of America's Objection to Appellants' Motion for Leave to Clarify ad Correct the Record and Response to Appellants' Post-Submission Brief was filed on August 16, 2019 (Doc. #22). Having carefully considered the briefs, argument of counsel, and applicable law, the

court concludes that Appellants' Motion for Leave to Clarify and Correct the Record should be denied and the bankruptcy court's order should be affirmed for the reasons to follow.

## I. Factual Background

Appellant James Quezada, a bricklayer and owner of Quezada Masonry, builds masonry projects for general contractors. Quezada typically supplies the materials and hires contract laborers and subcontractors to perform the labor.

From 2005–2008, Quezada filed tax returns, which included Forms 1099-Misc., in which he reported payments made to subcontractors. Quezada claimed deductions for these payments on his Form 1040 "Individual Income Tax Return" for each of these years. The Form 1099s filed by Quezada for years 2005–2008 showed no withholdings on payments made to his subcontractors, and Quezada did not file Annual Returns of Withheld Federal Income Tax, Forms 945, for tax years 2005 through 2008. In addition, Quezada did not obtain a Social Security number ("SSN") or Taxpayer Identification number ("TIN") from all of his subcontractors.

In September 2006, the Internal Revenue Service ("IRS") sent a notice to Quezada that his 2005 Form 1099 had missing or incorrect TINs (which includes SSNs). The notice also informed Quezada that if he had missing or incorrect TINs, he had to start backup withholding. The IRS sent the same notice out in 2007 and twice in 2009 about Quezada's later-filed Forms 1099. Quezada did not provide the missing or incorrect TINs for the tax years 2005 through 2008.

In February 2014, the IRS assessed Quezada's backup-withholding-tax liability for 2005–2008 totaling $1,269,561.89, including penalties and interest, pursuant to Section 3406 of the Internal Revenue Code. *See* 26 U.S.C. § 3406 (2011). Quezada was sent a Notice of Determination in March 2015, notifying him of the total backup-withholding-tax liability assessed.

2

On April 21, 2016, Appellants James Quezada and Simona Quezada[1] filed for bankruptcy under Chapter 11 of the Bankruptcy Code. On November 22, 2016, Quezada filed an Adversary Complaint challenging the assessment of the backup withholding tax. The parties consented to the bankruptcy court's rendering of a final judgment with respect to the issues raised in Quezada's Adversary Complaint. The adversary case was tried May 3, 2018, and the bankruptcy court rendered a Memorandum Opinion and a Final Judgment in favor of the United States on August 31, 2018, concluding that the taxes assessed by the IRS are valid, allowed, and non-dischargeable. On September 17, 2018, Quezada timely filed a Notice of Appeal.

## II. Standard of Review

On appeal, this court reviews the bankruptcy court's findings of fact under a clearly erroneous standard and reviews conclusions of law *de novo*. *See In re Heartland Fed. Sav. & Loan Assn. v. Briscoe Enters., Ltd. II (In re Briscoe Enters., Ltd. II)*, 994 F.2d 1160, 1163 (5th Cir. 1993). Mixed questions of fact and law are subject to *de novo* review. *See In re CPDC, Inc.*, 337 F.3d 436, 441 (5th Cir. 2003).

## III. Analysis

The sole issue on appeal is whether the filing of Forms 1099 and 1040 by Quezada commenced the three-year statute of limitations under Section 6501 of the Internal Revenue Code, *see* 26 U.S.C. § 6501 (2011 & Supp. 2019), which prohibits tax assessments made after the statute of limitations has closed. Quezada argues that Quezada's filings of Forms 1099 and 1040 were

---

[1] Because the interests of Appellant James Quezada do not diverge those of Appellant Simona Quezada for purposes of this bankruptcy appeal, the court will jointly refer to Appellants James Quezada and Simona Quezada in the singular as "Quezada" in this Memorandum Opinion and Order.

3

"returns" sufficient to trigger the three-year statute of limitations, and that Quezada's failure to file Forms 945, which Quezada asserts were not required, had no bearing on the start of the statute-of-limitations period.

The United States asserts that Quezada was required and failed to conduct backup withholding from his contract laborers, and therefore was also required and failed to report this backup withholding on Forms 945 for tax years 2005 through 2008. Appellees further contend that because no Forms 945 were filed, the three-year assessment limitation period imposed by Section 6501 was never triggered, *see id.* at § 6501(c)(3), and the bankruptcy court properly determined that the backup withholding liability assessed against Quezada in 2014 was not barred by Section 6501.

In reply, Quezada argues that the question is not whether Quezada should have begun backup withholding or whether Forms 1099 and 1040 are substitute returns for Forms 945, but what form or forms were necessary to start the running of the statute of limitations under Section 6501. Quezada contends that the case law and the IRS's own advice clarify that the exception under Section 6501(c)(3) that "[i]n the case of failure to file a return, the tax may be assessed . . . at any time" does not mean that the failure to file any IRS form nullifies the statute of limitations. The United States contends that Form 945, which Quezada asserts would have added nothing to the tax calculation, was necessary to commence the running of the three-year statute of limitations.

Section 6501(a)(3) of Title 26 of the United States Code imposes a three-year tax-assessment-limitation period beginning on the date a taxpayer files a "return required to be filed." Section 6011 requires a taxpayer to file a return in accordance with the forms and regulations prescribed by the IRS. *See* 26 U.S.C. § 6011 (2011 & Supp. 2019). Under the applicable regulation, a person required to withhold backup withholding tax must file a Form 945. *See* 26 C.F.R.

§ 31.6011(a)-4(b) (2012).² In addition, Section 3406 requires a payor to conduct backup withholding when a payee fails to provide the payor a TIN. *See* 26 U.S.C. § 3406.

The bankruptcy court found that Quezada failed to prove that he had the required TINs when he filed Forms 1040 and 1099 for tax years 2005 through 2008. *In re Quezada*, 2018 WL 4191856, at *2 (Bankr. W.D. Tex. 2018). Quezada signed a sworn statement that he "did not obtain Social Security numbers (SSN) or Taxpayer Identification numbers (TIN) from all of [his] subcontractors," but that he was trying to collect all the SSNs and TINs, confirming that Quezada's records were incomplete and that Quezada was required to begin backup withholding as directed in the IRS notices and the applicable statute and regulation. *See* 26 U.S.C. § 3406; 26 C.F.R. § 31.6011(a)-4(b). Quezada does not dispute the bankruptcy court's conclusion. Therefore, because Quezada had a duty

---

² Section 31.6001(a)-4(b) provides in pertinent part:

**(b) Withheld from nonpayroll payments.** Every person required to withhold tax from nonpayroll payments for calendar year 1994 must make a return for calendar year 1994 and for any subsequent calendar year in which the person is required to withhold such tax until the person makes a final return in accordance with § 31.6011(a)–6. Every person not required to withhold tax from nonpayroll payments for calendar year 1994 must make a return for the first calendar year after 1994 in which the person is required to withhold such tax and for any subsequent calendar year in which the person is required to withhold such tax until the person makes a final return in accordance with § 31.6011(a)–6. Form 945, Annual Return of Withheld Federal Income Tax, is the form prescribed for making the return required under this paragraph (b). Nonpayroll payments are—

. . . .

**(5)** Reportable payments subject to backup withholding under section 3406.

26 C.F.R. § 31.6011(a)-4

to withhold, Quezada was required to file Forms 945 for tax years 2005 through 2008, rendering his tax filings for those years incomplete.

The bankruptcy court further determined that Quezada's limitations argument is controlled by the United States Supreme Court's reasoning in *Comm'r of Internal Revenue v. Lane-Wells Co.*, 321 U.S. 219 (1944), because Quezada, like Technicraft in *Lane-Wells*, was required to file two separate returns and failed to file one of them. The Supreme Court further notes that Congress has granted the IRS discretion to prescribe by regulation forms of returns, the purpose of which is not just to get tax information, but "also to get it with such uniformity, completeness, and arrangement that the physical task of handling and verifying returns may be readily accomplished." *Id.* at 223. In this case, Quezada failed to file any Forms 945 along with, or anytime after, he filed Forms 1040 and 1099 for tax years 2005 through 2008. Thus, no assessment limitations was triggered with respect to Quezada's backup-withholding-tax liability. *Compare id.,* at 224 ("Since no personal holding company returns were filed, the statute of limitations did not commence to run, and the assessment of the [underlying] tax was not barred.").

Quezada argues that the bankruptcy court erred in relying on *Lane-Wells* because that case involved a two-level tax issue for limitations purposes, whereas Quezada's case involves only one, asserting that the consequences of procuring an incorrect TIN from a payee or collecting incorrect backup withholding is irrelevant to the calculation of Quezada's deductions for business income and expenses as provided in his Forms 1040. The court disagrees. As noted by the bankruptcy court, Quezada claimed deductions for subcontractor expenses on his income taxes, requiring him to file Schedule C and Forms 1040 for the tax years 2005 through 2008. *In re Quezada,* 2018 WL 4191856, at *2. By filing his Forms 1040 and 1099, Quezada met the first level of his tax liability.

6

However, because Quezada's Forms 1099 were missing the TINs from some of his subcontractors, the second-level duty to collect backup withholding was triggered, requiring Quezada to file Forms 945 for tax years 2005 through 2008. Because Quezada was required, but failed, to conduct backup withholding and file Forms 945, the statute of limitations was not triggered. *See* 26 U.S.C. § 6501(a). Therefore, the taxes assessed by the IRS in the amount of $1,269,561.89 are valid, allowed, and non-dischargeable.[3]

### IV. Conclusion

In accordance with the foregoing,

**IT IS THEREFORE ORDERED** that the judgment of the United States Bankruptcy Court for the Western District of Texas is **AFFIRMED.**

Having reviewed Quezada's assertion that the United States made two erroneous statements before this court at oral argument, but which the United States asserts are supported by the evidence admitted to the court,

**IT IS FURTHER ORDERED** that Appellants James Quezada and Simona Quezada's Motion for Leave to Clarify and Correct the Record on July 24, 2019 (Doc. #21) is **DENIED.**

---

[1] Quezada's reliance on *Beard v. Comm'r of Internal Revenue*, 82 T.C. 766, 777 (1984), *aff'd sub nom. Beard v. C.I.R.*, 793 F.2d 139 (6th Cir. 1986), fails to advance his argument on appeal. Quezada's claim that he was not a sophisticated taxpayer and that he knew nothing of any requirement to file a Form 945 do not sufficiently respond the bankruptcy court's finding that Quezada's repeated failure to provide the missing SSNs or TINs for the tax years 2005 through 2008 after repeated notices from the IRS showed that Quezada "did not honestly or reasonably seek to satisfy the law." *In re Quezada*, 2018 WL 4191856, at *4.

7

A Final Judgment shall be filed subsequently.

SIGNED this 30th day of September, 2019.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE